UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH IWANSKI,

                *pro se* Plaintiff,

v.

NIAGARA MOHAWK POWER CORPORATION,
a/k/a NATIONAL GRID,

                Defendant.

**ANSWER**

Civil Action No. 09-CV-0068 A (m)

      Defendant, Niagara Mohawk Power Corporation, d/b/a National Grid ("Niagara Mohawk" or the "Company"), by its attorneys, Bond, Schoeneck & King, PLLC, answers the Complaint as follows:

      With respect to the allegations contained in the non-numbered opening paragraphs of the Complaint, **ADMITS** that plaintiff purports to assert an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as amended ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 as amended (the "ADEA"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, as amended (the "ADA"); and New York Human Rights Law, N.Y. Exec. La §§ 290 to 297 (the "NYHRL"), and that this Court has jurisdiction over cases properly brought under the above-mentioned statutes, but **DENIES** that plaintiff's claims have merit, are appropriate, or were properly brought and **DENIES** each and every other allegation contained in the opening non-numbered paragraphs.

      1.     With respect to the allegations contained in paragraph "1" of the Complaint, **ADMITS** that the Company's records show plaintiff's last known address to be 7610 Berghorn Road, Clarence Center, New York 14032, but **LACKS KNOWLEDGE AND**

**INFORMATION** to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. **ADMITS** that plaintiff was employed by Niagara Mohawk Power Corporation, d/b/a National Grid, that the Company is a regulated public utility company doing business in Upstate New York State, that the Company has over 1,000 employees working within its service territory in Upstate New York, that the Company maintains an office located at 300 Erie Boulevard West, Syracuse, New York, 13202, and that plaintiff worked for the Company prior to November 2, 2005, but **DENIES** each and other allegation contained in paragraph "2" of the Complaint.

3. **ADMITS** that the Company is affiliated with National Grid PLC and is authorized to do business in New York state under the name "National Grid", but **DENIES** each and every other allegation contained in paragraph "3" of the Complaint.

4. **ADMITS** the allegations contained in paragraph "4" of the Complaint.

5. **DENIES** the allegations contained in paragraph "5" of the Complaint.

6. **DENIES** the allegations contained in paragraph "6" of the Complaint.

7. **ADMITS** that the Company is not, and has not, discriminated against plaintiff, but **DENIES** each and every other allegation contained in paragraph "7" of the Complaint.

8. **ADMITS** that plaintiff filed an administrative complaint with the New York State Division of Human Rights in Buffalo, New York on or about August 23, 2006 (Case No. 10113503), but **DENIES** each and every other allegation contained in paragraph "8" of the Complaint.

9. **ADMITS** the allegations contained in paragraph "9" of the Complaint.

10. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. **ADMITS** the allegations contained in paragraph "11" of the Complaint.

12. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. **DENIES** the allegations contained in paragraph "13" of the Complaint.

14. **DENIES** the allegations contained in paragraph "14" of the Complaint.

15. **DENIES** the allegations contained in paragraph "15" of the Complaint.

16. **ADMITS** that plaintiff is no longer employed by the Company and that the Company is not, and has not, discriminated against plaintiff, but **DENIES** each and every other allegation contained in paragraph "16" of the Complaint,

17. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. **DENIES** the allegations contained in paragraph "19" of the Complaint.

20. **ADMITS** that more than 60 days have elapsed since plaintiff filed her administrative discrimination complaint, but **DENIES** each and every other allegation contained in paragraph "20" of the Complaint.

21. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. **DENIES** each and every allegation of the Complaint not heretofore expressly admitted herein.

**FIRST DEFENSE**

26. Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

27. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

28. Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to comply with applicable administrative procedures prior to commencing this action.

**FOURTH DEFENSE**

29. The Court lacks jurisdiction over plaintiff's claims under the NYHRL and/or plaintiff's claims under the NYHRL are barred, in whole or in part, by her prior election of remedies.

**FIFTH DEFENSE**

30. Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or *res judicata*.

**SIXTH DEFENSE**

31. Plaintiff's claims against Niagara Mohawk are barred, in whole or in part, because at all times and with respect to all allegations asserted in the Complaint, the Company acted in a non-discriminatory and non-retaliatory manner, for legitimate business reasons wholly unrelated to plaintiff's age, gender, race, alleged disability, or other protected status, and properly exercised and fulfilled its rights and duties under all of the statutes upon which plaintiff bases her claims.

**SEVENTH DEFENSE**

32. Plaintiff's claims are barred, in whole or in part, by the principles of preemption under federal labor laws and/or the exhaustion of the mandatory grievance/arbitration procedures set forth in the collective bargaining agreement between Niagara Mohawk and the International Brotherhood of Electrical Workers, Local Union 97, AFL-CIO and/or other administrative procedures.

**EIGHTH DEFENSE**

33. Upon information and belief, plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages.

**NINTH DEFENSE**

34. Upon information and belief, plaintiff's claims are barred, in whole or in part, by laches, waiver and estoppel.

WHEREFORE, the Company respectfully request that this Court issue an Order: (a) dismissing the Complaint with prejudice, in its entirety; (b) awarding them their costs and expenses incurred herein, including their reasonable attorneys' fees; and (c) granting such other and further relief as the Court deems just and proper.

Dated: May 18, 2009

BOND, SCHOENECK & KING, PLLC

By: _/s/ Robert A. LaBerge____________
Robert A. LaBerge
Attorneys for Defendant
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8372
E-mail: rlaberge@bsk.com

TO: Deborah Iwanski
7610 Berghorn Road
Clarence Center, NY 14032